1    **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                    **FOR THE DISTRICT OF ARIZONA**

8

9    Stephen Eugene Mauer,              )    No. CV 11-8029-PCT-RCB (JRI)
                                        )
10              Plaintiff,              )    **ORDER**
                                        )
11   vs.                               )
                                        )
12   Mohave County Sheriff, et al.,    )
                                        )
13              Defendants.            )
     _____)

14

15          On February 15, 2011, Plaintiff Stephen Eugene Mauer filed a *pro se* Prisoner Civil

16   Rights Complaint pursuant to 42 U.S.C. § 1983 (Doc.1) and an "Application for *In Forma*

17   *Pauperis* Status" (Doc. 3).

18   **I.      Status of Plaintiff's Confinement**

19          It is unclear whether Plaintiff was confined when he filed this lawsuit–Plaintiff has

20   provided the Court with a non-prison address, but the statements in his Complaint suggest

21   that he is currently confined.  The status of Plaintiff's confinement is relevant because Local

22   Rule of Civil Procedure 3.4(a) requires in part that "[a]ll complaints and applications to

23   proceed in forma pauperis by incarcerated persons shall be signed and legibly written or

24   typewritten on forms approved by the Court and in accordance with the instructions provided

25   with the forms."  Neither Plaintiff's Complaint nor his "Application for *In Forma Pauperis*

26   Status" is on a court-approved form for an incarcerated person.  Thus, the Court will require

27   Plaintiff to submit, within 30 days, a filing entitled "Notice of Status of Confinement" that

28

JDDL

1   clearly indicates whether Plaintiff was confined when he filed his lawsuit, whether he is
2   currently confined, and, if he is currently confined, where he is confined.

3   **II.     Complaint and Application are not signed**

4         All pleadings must be signed by the party if the party is not represented by an
5   attorney.  Fed. R. Civ. P. 11(a) and LRCiv 3.4(a), 7.1(b)(1).  An unsigned pleading must be
6   stricken unless omission of the signature is corrected promptly after being called to the
7   attention of the party.  Fed. R. Civ. P. 11(a).

8         Plaintiff's Complaint and "Application for *In Forma Pauperis* Status" are unsigned.
9   Therefore, Plaintiff will be permitted 30 days from the filing date of this Order to submit a
10  completed and signed Certificate, using the Certificate form included with this Order,
11  certifying that Plaintiff's signature on the Certificate shall serve as an original signature on
12  his Complaint and "Application for *In Forma Pauperis* Status" for the purposes of Rule
13  3.4(a) of the Local Rules of Civil Procedure and Rule 11 of the Federal Rules of Civil
14  Procedure.

15  **III.    Warnings**

16        **A.     Address Changes**

17        Plaintiff must file and serve a notice of a change of address in accordance with Rule
18  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
19  relief with a notice of change of address.  Failure to comply may result in dismissal of this
20  action.

21        **B.     Copies**

22        Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u>
23  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice
24  to Plaintiff.

25        **C.     Possible Dismissal**

26        If Plaintiff fails to timely comply with every provision of this Order, including these
27  warnings, the Court may dismiss this action without further notice.  <u>Ferdik v. Bonzelet</u>, 963

28

1  F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

2  comply with any order of the Court).

3  **IT IS ORDERED:**

4      (1)     Within 30 days of the date this Order is filed, Plaintiff must file a "Notice of

5  Status of Confinement" that clearly indicates whether Plaintiff was confined when he filed

6  his lawsuit, whether he is currently confined, and, if he is currently confined, where he is

7  confined.

8      (2)     If Plaintiff fails to file, within 30 days, a Notice of Status of Confinement, as

9  required by this Order,  the Clerk of Court must, without further notice, enter a judgment of

10  dismissal of this action without prejudice and without further notice to Plaintiff.

11      (3)     Within 30 days of the date this Order is filed, Plaintiff must file a completed

12  and signed Certificate, using the Certificate form provided with this Order, certifying that

13  Plaintiff's signature on the Certificate shall serve as an original signature on his Complaint

14  and "Application for *In Forma Pauperis* Status" for the purposes Rule 3.4(a) of the Local

15  Rules of Civil Procedure and Rule 11 of the Federal Rules of Civil Procedure.

16      (4)     If Plaintiff fails to file, within 30 days, a completed and signed Certificate on

17  the form provided with this Order, the Clerk of Court must strike Plaintiff's Complaint and

18  "Application for *In Forma Pauperis* Status" and enter a judgment of dismissal of this action

19  without prejudice and without further notice to Plaintiff.

20      (5)     The Clerk of Court must mail Plaintiff a Certificate form.

21      DATED this 6th day of March, 2011.

22

23

24  _____
       Robert C. Broomfield

25      Senior United States District Judge

26

27

28

1

_____
_____
_____

2

(Your Name and Address)

3

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

5

6

Stephen Eugene Mauer,                    )     No. CV11-8029-PCT-RCB (JRI)
                                         )
7

        Plaintiff,                    )     **CERTIFICATE**
                                         )
8

vs.                                      )
                                         )
9

Mohave County Sheriff, et al.,           )
                                         )
10

        Defendants.                   )
_____          )

11

12

     I, **Stephen Eugene Mauer**, hereby certify:

13

     I have read the *pro se* Complaint (Doc. 1) and "Application for *In Forma Pauperis*

14

*Status*" (Doc. 3) filed by me on February 15, 2011, and to the best of my knowledge,

15

information, and belief, formed after an inquiry reasonable under the circumstances:

16

          (1)    they are not being presented for any improper purpose, such

17

as to harass or to cause unnecessary delay or needless increase in the

18

cost of litigation;

19

          (2)    the claims, defenses, and other legal contentions therein are

20

warranted by existing law or by a nonfrivolous argument for the

21

extension, modification, or reversal of existing law or the

22

establishment of new law;

23

          (3)    the allegations and other factual contentions have evidentiary

24

support or, if specifically so identified, are likely to have evidentiary

25

support after a reasonable opportunity for further investigation or

26

discovery; and

27

28

1           (4)     the  denials of factual contentions are warranted on the

2           evidence or, if specifically so identified, are reasonably based on a

3           lack of information or belief.

4       I further certify that my signature on this document shall serve as an original

5 signature on the above-referenced Complaint and "Application for *In Forma Pauperis*

6 Status" for the purposes of Local Rule of Civil Procedure 3.4(a) and Rule 11 of the

7 Federal Rules of Civil Procedure.

8

9       EXECUTED on this_____day of_____, 2011.

10

11

12                      _____
                             (Signature of Plaintiff)

13                            Stephen Eugene Mauer

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28