1  **WO**

6  IN THE UNITED STATES DISTRICT COURT
7  FOR THE DISTRICT OF ARIZONA

9  Stephen Eugene Mauer,                )   No. CV 11-8029-PCT-RCB (JRI)
                                         )
10       Plaintiff,                      )   **ORDER**
                                         )
11  vs.                                  )
                                         )
12  Mohave County Sheriff, et al.,       )
                                         )
13       Defendants.                     )
                                         )

15       On February 15, 2011, Plaintiff Stephen Eugene Mauer filed a *pro se* Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983 and an "Application for *In Forma Pauperis* Status."

18       In a March 7, 2011 Order, the Court noted that Plaintiff had not signed his Complaint or Application and gave Plaintiff 30 days to submit a completed and signed Certificate, certifying that Plaintiff's signature on the Certificate would serve as an original signature on his Complaint and Application for the purposes of Rule 3.4(a) of the Local Rules of Civil Procedure and Rule 11 of the Federal Rules of Civil Procedure.  The Court also noted that it was unclear whether Plaintiff was confined when he filed this lawsuit and gave Plaintiff 30 days to submit a "Notice of Status of Confinement" that clearly indicated whether Plaintiff was confined when he filed his lawsuit, whether he is currently confined, and, if he is currently confined, where he is confined.

27       On March 14, 2011, Plaintiff filed a Notice of Status of Confinement, indicating that he was not confined when he filed his lawsuit and is not currently confined.  He also

**JDDL**

submitted a signed Certificate, certifying that his signature on that document would serve as an original signature on his Complaint and Application.

In a March 17, 2011 Order, the Court granted Plaintiff's Application for *In Forma Pauperis* status and dismissed his Complaint for failure to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On April 7, 2011, Plaintiff filed a "Motion to Proceed" (Doc. 8) and a First Amended Complaint (Doc. 9).

## I.     Motion to Proceed

In his Motion to Proceed, Plaintiff states that he wishes to proceed *pro se* and that he is "not sure about forma pauperis status of filing rules." The Court will deny as moot Plaintiff's Motion to Proceed; Plaintiff needs no special permission to proceed *pro se* and the Court has already permitted him to proceed *in forma pauperis*.

## II.    Section 1915(e)(2), 28 U.S.C.

When a plaintiff is permitted to proceed *in forma pauperis*, the Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

1  misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
2  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
3  experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual
4  allegations may be consistent with a constitutional claim, a court must assess whether there
5  are other "more likely explanations" for a defendant's conduct. Id. at 1951.

6  But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
7  must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th
8  Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards
9  than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,
10 94 (2007) (*per curiam*)).

11 If the Court determines that a pleading could be cured by the allegation of other facts,
12 a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the
13 action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court
14 should not, however, advise the litigant how to cure the defects. This type of advice "would
15 undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225,
16 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was
17 required to inform a litigant of deficiencies). Plaintiff's First Amended Complaint will be
18 dismissed for failure to state a claim, with leave to amend because the First Amended
19 Complaint may possibly be saved by amendment.

20 **III.  First Amended Complaint**

21 In his one-count First Amended Complaint, Plaintiff sues the following Defendants:
22 Mohave County Sheriff Tom Sheahan and Mohave County Jail Captain-Director Bruce
23 Brown. Plaintiff alleges a violation of "[p]rotected interests in conditions, reasonable care,
24 safety, sanitary confinement conditions." He claims that "jail person[n]el . . . altered the
25 holding cells . . . by removing the bunks that were welded or secured to the walls," thereby
26 causing individuals who wanted to sleep or lay down to have to lay on the bare floors.
27 Plaintiff contends that he fell asleep on the floor and that an abrasion on his leg got infected.
28 In his Request to Relief, Plaintiff seeks compensation and "discovery."

JDDL

## IV. Failure to State a Claim

### A. Failure to Link Defendants with Injuries

As the Court stated in its March 17, 2011 Order, to state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

Plaintiff has not alleged that Defendant Sheahan or Defendant Brown personally participated in a deprivation of Plaintiff's constitutional rights, were aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Thus, the Court will dismiss without prejudice Defendants Sheahan and Brown.

### B. Failure to State a Constitutional Violation

As the Court stated in its March 17, 2011 Order, § 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law. 42 U.S.C. § 1983; see also Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995). Plaintiff has failed to allege any constitutional or federal-law violations in his Complaint. Thus, the Court will dismiss without prejudice Plaintiff's First Amended Complaint because Plaintiff has failed to state a violation of a constitutional right.

## V. Leave to Amend

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may

- 4 -

1   submit a second amended complaint to cure the deficiencies outlined above. As an aid to
2   Plaintiff, the Clerk of Court will mail Plaintiff a court-approved form to use for filing a
3   second amended complaint.

4   Plaintiff must clearly designate on the face of the document that it is the "Second
5   Amended Complaint." The second amended complaint must be retyped or rewritten in its
6   entirety on the court-approved form and may not incorporate any part of the original
7   Complaint or First Amended Complaint by reference. Plaintiff may include only one claim
8   per count.

9   If Plaintiff files a second amended complaint, Plaintiff must write short, plain
10  statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2)
11  the name of the Defendant who violated the right; (3) exactly what that Defendant did or
12  failed to do; (4) how the action or inaction of that Defendant is connected to the violation of
13  Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that
14  Defendant's conduct. See Rizzo, 423 U.S. at 371-72, 377.

15  Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff
16  fails to affirmatively link the conduct of each named Defendant with the specific injury
17  suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to
18  state a claim. **Conclusory allegations that a Defendant or group of Defendants have**
19  **violated a constitutional right are not acceptable and will be dismissed**.

20  As the Court stated in its March 17, 2011 Order, Plaintiff should take note that a
21  pretrial detainee's claim for unconstitutional conditions of confinement arises from the
22  Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment
23  prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520, 535 and
24  n.16 (1979). Nevertheless, the same standards are applied, requiring proof that the defendant
25  acted with deliberate indifference. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

26  Deliberate indifference is a higher standard than negligence or lack of ordinary due
27  care for the prisoner's safety. Farmer v. Brennan, 511 U.S. 825, 835 (1994). To state a claim
28  of deliberate indifference, plaintiffs must meet a two-part test. First, the alleged

JDDL

- 5 -

1 constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or
2 omission must result in the denial of "the minimal civilized measure of life's necessities."
3 Id. at 834.  Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*,
4 he must act with deliberate indifference to inmate health or safety.  Id.  In defining
5 "deliberate indifference" in this context, the Supreme Court has imposed a subjective test:
6 "the official must both be aware of facts from which the inference could be drawn that a
7 substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837
8 (emphasis added).

9      A second amended complaint supersedes the original Complaint and First Amended
10 Complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v.
11 Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will
12 treat the original Complaint and First Amended Complaint as nonexistent.  Ferdik, 963 F.2d
13 at 1262.  Any cause of action that was raised in the original Complaint and First Amended
14 Complaint is waived if it is not raised in a second amended complaint.  King v. Atiyeh, 814
15 F.2d 565, 567 (9th Cir. 1987).

16 **VI.  Warnings**

17     **A.  Address Changes**

18      Plaintiff must file and serve a notice of a change of address in accordance with Rule
19 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
20 relief with a notice of change of address.  Failure to comply may result in dismissal of this
21 action.

22     **B.  Copies**

23      Plaintiff must submit an additional copy of every filing for use by the Court.  See
24 LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice
25 to Plaintiff.

26     **C   Possible Dismissal**

27      If Plaintiff fails to timely comply with every provision of this Order, including these
28 warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at

JDDL

- 6 -

1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Motion to Proceed (Doc. 8) is **denied as moot**.

(2) The First Amended Complaint (Doc. 9) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(3) If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

(4) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.[1]

DATED this 14th day of April, 2011.

_____
Robert C. Broomfield
Senior United States District Judge

---

[1] Although Plaintiff is not a prisoner, the Court will suggest that Plaintiff use this form to assist him in coherently presenting his claims to the Court.

- 7 -