**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Eugene Mauer, | No. CV 11-8029-PCT-RCB (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Mohave County Sheriff, et al., | |
| Defendants. | |

On April 20, 2011, Plaintiff Stephen Eugene Mauer, who was not confined when he filed his *pro se* Prisoner Civil Rights Complaint and who is not currently confined, filed a "Motion for Appointment of Counsel. Or Legal Assistance" (Doc. 11).

There is no constitutional right to the appointment of counsel in a civil case. See Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved. Id. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Thus, the Court will deny without prejudice Plaintiff's Motion for Appointment of Counsel. Or Legal Assistance."

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel. Or Legal Assistance" (Doc. 11) is **denied without prejudice**.

DATED this 27th day of April, 2011.

_____
Robert C. Broomfield
Senior United States District Judge

- 2 -